UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C.; V.B.; Z.M.; GRETTA CARABALLO; REBECCA PATTERSON; and JOHNATHON MERTEN,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN MILITARY PROPERTY MANAGEMENT LP; LMH HOLDINGS, LLC; CAMP PENDLETON & QUANTICO HOUSING, LLC; LPC PENDLETON QUANTICO HOUSING LLC; RHEEM MANUFACTURING COMPANY; HONEYWELL INTERNATIONAL, INC.; and DOES 1 through 100,<br><br>Defendants. | Case No.: 21-CV-2070 JLS (BLM)<br><br>**ORDER (1) DENYING MOTIONS TO DISMISS; (2) GRANTING IN PART REQUESTS FOR JUDICIAL NOTICE; AND (3) DENYING AS MOOT EVIDENTIARY OBJECTIONS**<br><br>(ECF Nos. 11, 21) |

Presently before the Court are Defendant Lincoln Military Property Management LP's ("Lincoln") Motion to Dismiss (ECF No. 11) and Request for Judicial Notice in support of the same (ECF No. 11-2) and Defendant LMH Holdings, LLC's ("LMH Holdings") Motion to Dismiss (ECF No. 21) and Request for Judicial Notice in support of

the same (ECF No. 21-3). Plaintiffs Gretta Caraballo; Rebecca Paterson; Johnathon Merten; E.C., a minor, by and through her guardian ad litem, Gretta Caraballo; V.B., a minor, by and through her guardian ad litem, Jeffrey Logan Bradley; and Z.M., a minor, by and through his guardian ad litem, Abigail Merten (collectively, "Plaintiffs") filed Oppositions to Lincoln's Motion (ECF No. 29) and LMH Holdings' Motion (ECF No. 30). Lincoln and LMH Holdings filed Replies in Support of the Motions to Dismiss (ECF Nos. 31, 33, respectively), and Evidentiary Objections to Plaintiffs' Evidence Submitted in Their Oppositions (ECF Nos. 31-1, 33-1). The Court took these matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 32. Having carefully reviewed Plaintiffs' First Amended Complaint ("FAC," ECF No. 8), the Parties' arguments, and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs are three families who are present and former residents of military housing located at Marine Corps Base Camp Pendleton ("Camp Pendleton"). *See* FAC ¶ 1. Plaintiffs allege that elevated hot water temperatures at their respective residences caused the three minor Plaintiffs to sustain severe burn injuries while their parents bathed them in the sink. *Id.* Plaintiffs allege that Defendants Camp Pendleton & Quantico Housing, LLC and LMH Holdings "owned" the rental units at Camp Pendleton where the incidents occurred, and that Defendants LPC Pendleton Quantico PM LP and Lincoln "managed" the properties. *Id.* ¶¶ 1, 21–25.

Plaintiffs initiated this action against Defendants Camp Pendleton & Quantico Housing, LLC; LMH Holdings; LPC Pendleton Quantico PM LP; and Lincoln (collectively, the "Property Defendants"), as well as Rheem Manufacturing Company and Honeywell International, Inc., on December 13, 2021. *See* ECF No. 1. Plaintiffs allege that the Property Defendants failed to properly set the water temperature at the three residences, properly maintain the water heaters, and/or ensure various components of the water heaters or piping were installed, which caused the claimed injuries. FAC ¶ 25.
///

1  Based on these allegations, Plaintiffs assert claims for negligence and premises liability
2  against the Property Defendants. *Id.* ¶¶ 41–76.

## REQUESTS FOR JUDICIAL NOTICE

As an initial matter, Lincoln and LMH Holdings request that the Court take judicial notice of (1) three lease agreements between Camp Pendleton & Quantico Housing, LLC and Plaintiffs; (2) court filings in other cases involving the Property Defendants; and (3) proof of service as to Defendants in this action and LMH Holdings' public business information. *See* ECF No. 11-2 at 2–3; ECF No. 21-2 at 2–3.

As a general rule, a district court cannot rely on evidence outside the pleadings in ruling on a Rule 12(b)(6) motion without converting the motion into a Rule 56 motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[2] (3d ed. 1999)). Federal Rule of Evidence 201(b) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

First, Lincoln and LMH Holdings request the Court take judicial notice of Plaintiffs' lease agreements for the properties where the alleged injuries occurred. The Court may consider, when ruling on a Rule 12(b)(6) motion to dismiss, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Plaintiffs refer to the lease agreements throughout their Complaint. *See, e.g.*, FAC ¶¶ 1, 25, 37, 42, 64. Additionally, Plaintiffs do not oppose Defendants' request to

judicially notice the lease agreements. *See generally* Opp'n. Therefore, the Court **GRANTS** Defendants' request for judicial notice of the three lease agreements between Camp Pendleton & Quantico Housing, LLC and Plaintiffs.[1]

Next, Lincoln requests the Court take judicial notice of filings in other cases involving the Property Defendants. ECF No. 11-2 at 3. These filings include lease agreements for housing not at Camp Pendleton and entered into by individuals who are not parties to this action. Lincoln argues that these filings show that Lincoln is a property manager under in the Lincoln Military Housing umbrella, but not for properties at Camp Pendleton. ECF No. 11-1 at 2. A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)). However, Lincoln has not adequately explained how hundreds of pages of filings in other cases, including lease agreements for other properties, are relevant to the determination presently before the Court. The best indicator of the relationship between the Parties is Plaintiffs' lease agreements, which the Court has already judicially noticed. Accordingly, the Court **DENIES** Lincoln's request to take judicial notice of court filings in other cases involving the Property Defendants.

Finally, LMH Holdings requests the Court take notice of the proof of service for Defendants in this case and its public business information. As Plaintiffs' proof of service is already part of the record in this case, *see* ECF No. 20, the Court **DENIES AS MOOT** LMH Holdings' request to judicially notice Plaintiffs' proof of service documents. LMH Holdings also requests the Court take judicial notice of its public business information from

---

[1] Both Lincoln and LMH Holdings request judicial notice of the lease agreements and have attached the leases separately as exhibits to their respective requests. *Compare* Ex. A, ECF No. 11-2 at 4–69; Ex. B, ECF No. 11-2 at 70–156; *and* Ex. C, ECF No. 11-2 at 157–219; *with* Ex. A, ECF No. 21-4 at 1–66; Ex. B, ECF No. 21-4 at 67–153; *and* Ex. C, ECF No. 21-4 at 154–216. Because these documents appear identical, the Court declines to take judicial notice of the lease agreements appended to LMH Holdings' Motion as duplicative, and the Court will only refer to the lease agreements judicially noticed from Lincoln's Motion and located at ECF No. 11-2.

the Delaware secretary of state website, and LMH Holdings' management information on its website. ECF No. 21-3 at 3. These documents include information about LMH Holdings' registered agent for service of process and are relevant to the Court's determination of whether Plaintiffs properly served LMH Holdings in this matter. The Court may "take judicial notice of the undisputed and publicly available information displayed on government websites." *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018). Accordingly, the Court **GRANTS** LMH Holdings' request for judicial notice of these documents.

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Lincoln and LMH Holdings' Requests for Judicial Notice (ECF Nos. 11-2, 21-3). Specifically, the Court judicially notices Exhibits A, B, and C from Lincoln (ECF No. 11-2) and Exhibits H, I, and J from LMH Holdings (ECF No. 21-4).

## MOTIONS TO DISMISS

Lincoln and LMH Holdings both challenge Plaintiffs' FAC for failure to state a claim, and LMH Holdings additionally argues it was not properly served in accordance with Federal Rules of Civil Procedure 4(e) and (h). The Court will first examine whether Plaintiffs have stated claims against Lincoln and LMH Holdings, and then whether Plaintiffs have properly served LMH Holdings.

**I.      Failure to State a Claim**

    **A.      *Legal Standard***

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**B.   Analysis**

Lincoln and LMH Holdings contend that Plaintiffs' FAC fails to state a claim against them because they had no contractual or lease relationship with Plaintiffs, they did not own

the residences, and they are not alleged to have had any specific role in any of the residences' maintenance or operation. ECF No. 11 at 3; ECF No. 21-1 at 2. Lincoln and LMH Holdings argue that the FAC does not contain any specific allegations about them individually, but instead improperly groups Lincoln and LMH Holdings together with the other Property Defendants. ECF No. 11 at 5; ECF No. 21-1 at 9–10. Lincoln and LMH Holdings offer the Plaintiffs' leases for judicial notice to show that they do not have a role with respect to these properties or their management. In response, Plaintiffs argue that they adequately allege, and the Lease Agreements plausibly support, "that Lincoln was involved in the maintenance and management of the subject properties," ECF No. 29 at 7, and "LMH [Holdings] was involved in the maintenance, management, and control of the subject properties," ECF No. 30 at 7.[2]

Federal Rule of Civil Procedure 8 requires a plaintiff to plead allegations with sufficient specificity so as to put the opposing party on notice of the wrong it allegedly committed so that it can adequately defend itself. Fed. R. Civ. P. 8; *see Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Conclusory allegations that an indistinguishable group of defendants engaged in identical misconduct are insufficient to show that plaintiff is entitled to relief from any individual defendant."). "Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations." *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002). Generally, "[s]pecific identification of the parties to the activities alleged by the plaintiffs is required . . . to enable the defendant to plead intelligently." *Flores v. EMC Mortg. Co.*,

///

---

[2] Plaintiffs offer evidence with their Oppositions that, among other things, includes work orders that identify Lincoln as the entity that performed maintenance on the water heaters, ECF No. 29-1 at Ex. A, and insurance policies that identify LMH Holdings as the insured on the properties, ECF No. 30-1 at Ex. A. Defendants object to the introduction of these documents because they argue it is improper when ruling on a motion to dismiss for the Court to consider documents outside of the Complaint as to which judicial notice is not sought. *See* ECF Nos. 31-1, 33-1. As the Court does not rely on this evidence to find that Plaintiffs have stated a claim against Lincoln and LMH Holdings, *see infra*, the Court **DENIES AS MOOT** Defendants' evidentiary objections.

997 F.Supp.2d 1088, 1103 (E.D. Cal. 2014) (quoting *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (D. Wis. 1975)).

As to Lincoln, Plaintiffs allege that Lincoln "managed" the properties where the injuries occurred. FAC ¶¶ 1, 21–25. Additionally, multiple attachments to the judicially noticed Lease Agreements refer to an entity or service with the name "Lincoln" in the title. For example, LPC Pendleton Quantico PM LP's community guidelines and policies refer residents to its "24-hour customer service center, Lincoln at Your Service, by dialing toll-free, 1-888-578-4141" for "after-hours maintenance emergencies." Ex. A at 23 (emphasis omitted). Residents are also instructed to contact the "Lincoln at Your Service Call Center" or the "local Lincoln Military Housing District Office" "[t]o report suspected bedbugs." *Id.* at 60. The leases further advise residents that "[a] schedule of the late fees associated with past due payments under the energy conservation program can be found at www.lincolnrecp.com." *Id.* at 26. The "Guidelines for Prevention and Treatment of Moisture/Mold in Residential Housing" require "[reporting] water and mold-related issues in accordance with these guidelines by going online at www.lincolnservicetrack.com or by calling Lincoln At Your Service at 1-888-578-4141." *Id.* at 40–41. On the "Move-In Condition Form" is a line signed by the "Lincoln Military Housing, Agent." *Id.* at 56. The "Assumption of Risk, Waiver and Release of Liability" form refers to "Lincoln Military Housing" multiple times. *Id.* at 54. That form defines "Lincoln Military Housing" as "Camp Pendleton & Quantico Housing LLC or one of their affiliates." *Id.* Finally, the "Electronic Record and Signature Disclosure" refers to "Lincoln Military." *Id.* at 67–69. The other leases include the same language referencing an entity or service called "Lincoln." The Patterson lease also includes an additional "PPV Action form," which features a "Lincoln Military Housing" header and was signed by a "Lincoln Military Housing Representative." Ex. B at 154. The "General Swimming Pool Rules and Regulations" advises patrons to observe all rules and regulations made by "Lincoln Management team members." *Id.* at 155.

///

Similarly, there are multiple references to "LMH" throughout the leases and their multiple attachments. The lease agreements and appended documents are signed by an "LMH Representative." *See, e.g.*, Ex. A at 6, 18, 30, 42, 54, 60, 64. Further, residents are instructed to email "lmhsupport@lpsi.com" to make changes to how "Lincoln Military" contacts them. *Id.* at 68.

The Court finds that Plaintiffs' FAC adequately alleges sufficient underlying facts as to each of Lincoln and LMH Holdings to meet the pleading standard under Fed. R. Civ. P. 8(a). Furthermore, the judicially noticed Lease Agreements support Plaintiffs' allegations and give Lincoln and LMH Holdings fair notice and the ability to defend themselves effectively. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Accordingly, the Court **DENIES** Lincoln and LMH Holdings' Motions to Dismiss for failure to state a claim.

## II. Summons and Service of Process

### A. Legal Standard

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4." *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) (internal citations and quotation marks omitted). Federal Rule of Civil Procedure 12(b)(4) permits defendants to move for dismissal due to insufficient process, and Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. The two rules serve distinct purposes, though they are sometimes confused:

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a [R]ule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint.

*El-Aheidab v. Citibank (S. Dakota), N.A.*, No. C-11-5359 EMC, 2012 WL 506473, at *2 (N.D. Cal. Feb. 15, 2012) (alteration in original) (citing 5A Wright & Miller, Federal Practice and Procedure § 1353 (3d ed. 2011)).

When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 states that service of process on a corporation, partnership, or unincorporated association can be effected in several ways, including "delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). The Ninth Circuit has held that "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Accordingly, "dismissal is generally not justified absent a showing of prejudice." *Id.*

### B. Analysis

Although LMH Holdings brings its Motion pursuant to both Rule 12(b)(4) and Rule 12(b)(5), it appears LMH Holdings only alleges it was never served with a summons or complaint. ECF No. 21-1 at 3. Therefore, the Court will analyze LMH Holdings' arguments pursuant to Rule 12(b)(5) only.

On February 8, 2022, Plaintiffs filed a proof of service with this Court that claimed that they had served LMH Holdings at an address in Dallas, Texas, by leaving the summons and complaint with a person named Page Collins. *See* ECF No. 20. LMH Holdings, which is a Delaware limited liability company, claims Ms. Collins is not an agent of LMH Holdings and was not authorized to accept service. ECF No. 21-1 at 4–5. Furthermore, LMH Holdings contends it is not located at the Dallas address on the proof of service. *Id.* Plaintiffs respond that LMH Holdings is affiliated with the address in Dallas, Texas, but that this issue is moot because Plaintiffs have served LMH Holdings by way of its registered agent for service of process, Corporation Service Company, and filed that proof of service with the Court. ECF No. 30 at 4; *see* ECF No. 28 (proof of service).

As to Plaintiffs' initial proof of service of process, the Court notes that LMH Holdings' judicially noticed website page of its officers, ECF No. 21-4 at 237, Ex. J, lists the Dallas, Texas, address where Plaintiffs originally served Ms. Collins as the location of "LPC Dallas."  LMH Holdings claims this is the Dallas office of "Lincoln Property Company."  Declaration of Kristin Reyna DeHart ("DeHart Decl."), ECF No. 21-2, ¶ 4.  Although LMH Holdings claims it "is not even located at this address nor does it do business at this address," ECF No. 21-1 at 5, there is clearly some affiliation because this is the address listed alongside the executive officers LMH Holdings requested the Court judicially notice.  Regardless, Plaintiffs have not satisfied their burden of establishing that Ms. Collins was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of LMH Holdings.  Fed. R. Civ. P. 4(h)(1)(B).  Therefore, the Court turns to Plaintiffs' second attempt to effect service on LMH Holdings.

On February 24, 2022, Plaintiffs served Lynanne Gares, the litigation management services leader of Corporation Service Company, ECF No. 28; Plaintiffs claim Corporation Service Company is the registered agent designated by law to accept service on behalf of LMH Holdings, ECF No. 30 at 4.  LMH Holdings argues service is still defective because its registered agent for service of process is the Corporation Trust Company, not the Corporation Service Company.  ECF No. 33 at 3.  However, on the judicially noticed Delaware Secretary of State website that LMH Holdings appended to its Motion, LMH Holdings' registered agent is listed as Corporation Service Company.  ECF No. 21-4 at 232, Ex. H.  Therefore, it appears LMH Holdings is mistaken about the identify of its registered agent, and Plaintiffs have satisfied their burden of establishing the validity of service.  Furthermore, the Court determines, given LMH Holdings' participation in this litigation to-date, that LMH Holdings received sufficient notice of the Complaint, and LMH Holdings does not argue that the delay in proper service is prejudicial.

Therefore, the Court **DENIES** LMH Holdings' Motion to Dismiss for insufficient process and insufficient service of process (ECF No. 21).

# CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Defendants Lincoln Military Property Management LP and LMH Holdings, LLC's Requests for Judicial Notice (ECF Nos. 11-2, 21-3), **DENIES AS MOOT** Lincoln and LMH Holdings' Evidentiary Objections (ECF Nos. 31-1, 33-1), and **DENIES** Lincoln and LMH Holdings' Motions to Dismiss (ECF Nos. 11, 21). The Court will issue a separate Order on Defendants Camp Pendleton & Quantico Housing, LLC and LPC Pendleton Quantico PM LP's Motion to Sever (ECF No. 43) in due course.

**IT IS SO ORDERED.**

Dated: July 28, 2022

Hon. Janis L. Sammartino
United States District Judge