UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C.; V.B.; Z.M.; GRETTA CARABALLO; REBECCA PATTERSON; and JOHNATHON MERTEN,<br><br>Plaintiffs,<br><br>v.<br><br>LINCOLN MILITARY PROPERTY MANAGEMENT LP; LMH HOLDINGS, LLC; CAMP PENDLETON & QUANTICO HOUSING, LLC; LPC PENDLETON QUANTICO HOUSING LLC; RHEEM MANUFACTURING COMPANY; HONEYWELL INTERNATIONAL, INC.; and DOES 1 through 100<br><br>Defendants. | Case No.: 21-CV-2070 JLS (BLM)<br><br>**ORDER DENYING DEFENDANTS CAMP PENDLETON & QUANTICO HOUSING, LLC AND LPC PENDLETON QUANTICO PM, LP'S MOTION TO SEVER**<br><br>(ECF No. 43) |

Presently before the Court are Defendants Camp Pendleton and Quantico Housing, LLC ("CPQH") and LPC Pendleton Quantico PM, LP's[1] ("LPCPQ") (collectively, the "Moving Defendants") Motion to Sever ("Mot.," ECF No. 43) and Memorandum of Points and Authorities in support of the same ("MPA," ECF No. 43-1).  Plaintiffs Gretta Caraballo; Rebecca Paterson; Johnathon Merten; E.C., a minor, by and through her guardian ad litem, Gretta Caraballo; V.B., a minor, by and through her guardian ad litem, Jeffrey Logan Bradley; and Z.M., a minor, by and through his guardian ad litem, Abigail Merten (collectively, "Plaintiffs") filed an Opposition to the Moving Defendants' Motion ("Opp'n," ECF No. 46).  The Moving Defendants then filed a Reply to Plaintiffs' Opposition ("Reply," ECF No. 47).  Having considered Plaintiffs' First Amended Complaint ("FAC," ECF No. 8), the Parties' arguments, and the law, the Court **DENIES** the Moving Defendants' Motion.

## BACKGROUND

Plaintiffs are three families who are present and former residents of military housing located at Marine Corps Base Camp Pendleton ("Camp Pendleton").  *See* FAC ¶ 1. Plaintiffs allege that elevated hot water temperatures at their respective residences caused E.C., V.B., and Z.M. (collectively, the "Minor Plaintiffs") to sustain severe burn injuries while their parents bathed them in sinks.  *Id.*  Plaintiffs allege that Defendants CPQH and LMH Holdings, LLC ("LMH") "owned" the rental units at Camp Pendleton where the incidents occurred, and that Defendants LPCPQ and Lincoln Military Property Management, LP ("Lincoln") "managed" the properties.  *Id.* ¶¶ 1, 21–25.

Plaintiffs initiated this action against Defendants CPQH, LHM, LPCPQ, and Lincoln (collectively, the "Property Defendants"), as well as Rheem Manufacturing Company and Honeywell International, Inc. (collectively, the "Water Heater Defendants," and, all

---

[1] The Court notes that Plaintiffs refer to Defendant LPC Pendleton Quantico PM, LP as "LPC Pendleton Quantico Housing, LLC" in the First Amended Complaint.  *See* ECF No. 8.  The Court refers to Defendant LPC Pendleton Quantico PM, LP as "LPC Pendleton Quantico PM, LP" for consistency with the Motion to Sever now at issue.

together, "Defendants"), on December 13, 2021. *See* ECF No. 1. Plaintiffs assert negligence and premises liability claims against the Property Defendants, alleging that they failed to properly set the water temperature at the three residences, properly maintain the water heaters, and/or ensure various components of the water heaters or piping were installed, which resulted in the claimed injuries. FAC ¶ 25. Plaintiffs V.B., by and through her guardian ad litem, Jeffrey Logan Bradley, and Rebecca Patterson assert products liability, breach of warranty, and negligence claims against the Water Heater Defendants, alleging the water heater and thermostat at their residence were defective and caused the claimed injuries to V.B. FAC ¶¶ 77–96.

Now, the Moving Defendants move to sever this matter into three separate cases—one for each family—pursuant to Federal Rule of Civil Procedure 21. *See generally* Mot.

## LEGAL STANDARD

Federal Rule of Civil Procedure 20 permits plaintiffs to join their claims in one action if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)–(B). Rule 20 "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974)). Yet, "[e]ven once the[] requirements [of Rule 20] are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party." Fed. R. Civ. P. 21. It is within the district court's discretion to sever a claim so long as the claim is "discrete and separate." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008,

1016 (7th Cir. 2000); *see also Coleman*, 232 F.3d at 1297 (noting that a district court is vested with "broad discretion . . . to make a decision granting severance"). "[A] court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense." *Apple Inc. v. Wi-LAN Inc.*, No. C 14-2838 CW, 2014 WL 4477362, at *3 (N.D. Cal. Sept. 11, 2014). A court may not, however, "attempt to separate an essentially unitary problem." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974). In considering whether to sever a claim under Rule 21, a court considers the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*SEC v. Leslie*, No. 07-3444, 2010 U.S. Dist. LEXIS 76826, at *10 (N.D. Cal. July 29, 2010) (quoting *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999)).

## ANALYSIS

### I. The Parties' Arguments

In their Motion, the Moving Defendants argue that Plaintiffs have not met the requirements for joinder under Federal Rule of Civil Procedure 20 because "Plaintiffs' claims do not arise out of the same transaction or occurrence, and they lack operative facts across each incident which justify joinder." MPA at 6. In the Moving Defendants' view, "Plaintiffs have misjoined what are in actuality three separate cases and claims involving three distinct properties and three separate families, in three separate communities, at three separate times, at . . . Camp Pendleton." *Id*. at 1. "The varied evidence regarding each family's tenancy, property and claims, and CPQH/LPCPQ's different technician employees involved in each claim and with each separate property, have far more distinguishing facts than facts in common," according to the Moving Defendants. *Id*. at 7. The Moving Defendants state they "will assert varying defenses against varying Plaintiffs

1 | based on the unique evidence as to each incident, and timeline in each home including
2 | comparative negligence, assumption of risk, and failure to notify them of excessive
3 | temperatures." *Id*. at 9. The Moving Defendants argue that, due to the distinctions between
4 | the incidents, permitting the cases to remain joined will create an "extremely high risk" of
5 | confusing the jury, "which heightens the likelihood of prejudice" against the Moving
6 | Defendants. *Id*. at 10–11. On the other hand, Plaintiffs will not be prejudiced by severance,
7 | according to the Moving Defendants, because they will "remain free to pursue their claims
8 | individually and severance does not eliminate any of the claims." *Id*. at 11. For these
9 | reasons, the Moving Defendants request that the Court sever Plaintiffs' claims and dismiss
10 | them without prejudice. *Id*. at 12.

In response, Plaintiffs assert that they have properly joined their cases because, under Rule 20, "joinder of 'different occurrences' in a single case is appropriate 'where the claims involve enough related operative facts' or if defendant's improper conduct arouse 'out of a systemic pattern of events' that causes plaintiffs' injuries." Opp'n at 14 (citing *MadKudu Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 20-CV-02653-SVK, 2020 WL 5628968, at *4 (N.D. Cal. Sept. 14, 2020)). Plaintiffs allege this standard is met because "Plaintiffs' injuries were caused by, and therefore their claims against [the Moving] Defendants all arise from, the same negligent practices," namely the Moving Defendants' technicians setting the water heater temperature too high, failing to install temperature limiting valves on the water heaters, and failing to adequately train the technicians. *Id*. at 15. Finally, Plaintiffs contend that the cases share numerous questions of law or fact, such as whether the Moving Defendants adequately trained their technicians; whether the Moving Defendants should have taken steps to prevent other injuries after the first incident; and whether the Moving Defendants are liable for punitive damages. *Id*. at 18. Plaintiffs assert that "[l]eaving the Plaintiffs joined in a single proceeding is simple, manageable, and economical." *Id*. at 19. Plaintiffs contend that severing the cases, on the other hand, "forces significant, immediate, and irreversible costs, most incurred through duplication of costs for experts, depositions, discovery, and duplication of tasks," as well as unnecessarily

delaying the case. *Id*. The Moving Defendants' concerns about jury confusion are only speculative and can be dealt with through jury instructions, Plaintiffs argue. *Id*. at 20–21. For these reasons, Plaintiffs request that the Court deny the Moving Defendants' Motion.

The Moving Defendants' Reply disputes several of Plaintiffs' contentions. First, the Moving Defendants argue that Plaintiffs did not plead sufficient facts to permit joinder because they did not show a "systemic pattern of events," Reply at 3 (internal quotations omitted), and the caselaw Plaintiffs rely upon is inapposite because it is based on intentional tort causes of action, while Plaintiffs are asserting claims of negligence and premises liability, *id*. at 3–5. Second, the Moving Defendants describe as "conclusory" Plaintiffs' contention that their allegations raise common questions of law and fact. *Id*. at 5. According to the Moving Defendants, "the operative facts of the three incidents are factually distinct and separate thus triggering different legal questions and varying burden of proof standards for each of the Plaintiffs." *Id*. at 5. Third, the Moving Defendants maintain that, due to the distinctions between the three incidents, "different witnesses and documentary proof will be required for affirmative defenses," contrary to Plaintiffs' claims of evidentiary overlap. *Id*. at 7–8. Finally, the Moving Defendants reassert that joinder will prejudice them due to the "nature of the incidents" and the likelihood of jury confusion, *id*. at 8–9, and they contend that Plaintiffs' claims of prejudice due to "extra costs and extra work" are not sufficient to prevent severance, *id*. at 9–10.

## II. Discussion

To determine whether severance is proper in this case, the Court will analyze the two requirements of Rule 20, which mirror the first two factors in the *Leslie* severance analysis, *see supra* at 4, and then turn to the prudential concerns of avoiding prejudice, judicial economy, and evidentiary overlap, which align with the remaining factors of the *Leslie* analysis.

### A.   *Same Transaction or Occurrence & Common Questions of Law and Fact*

The first requirement of Rule 20 and the first factor in the severance analysis is whether the claims arise out of the same transaction, occurrence, or series of transactions

or occurrences. Fed. R. Civ. P. 20; *Leslie*, 2010 U.S. Dist. LEXIS 76826, at *10. "The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Grp. Merch. Servs. v. Cha,* No. CV 09-9066 PSG (CWX), 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin*, 130 F.3d at 1350). "The rule simply requires 'related activities' and 'similarity in the factual background of a claim.'" *Jacques v. Hyatt Corp.*, No. C 11-05364 WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (citing *Bravado*, 2010 WL 2650432, at *4). "Several courts considering what constitutes the 'same transaction or occurrence' have relied upon the Eighth Circuit's interpretation in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), in which the court stated that . . . '[a]bsolute identity of all events is unnecessary.'" *Padron v. OneWest Bank*, No. 2:14-cv-01340-ODW(Ex), 2014 U.S. Dist. LEXIS 47947, at *9 (C.D. Cal. Apr. 7, 2014) (citing *Mosley*, 497 F.2d at 1333).

Here, the Court finds that Plaintiffs' claims have sufficient relatedness to satisfy the "same transaction or occurrence" requirement. All three claims arise from essentially identical facts: the Minor Plaintiffs were being bathed in sinks when they were scalded by hot water coming from the sink faucet. Opp'n at 8–10. CPQH owned each of the Camp Pendleton military housing properties in which the Minor Plaintiffs' injuries occurred. *See* Mot. at Exs. 1, 7 & 13 (ECF Nos. 43-3, -8, -13). LPCPQ managed each of the properties. *See id*. Plaintiffs allege that the Moving Defendants "install[ed], inspect[ed], maintain[ed], and control[ed] the water heaters at the Plaintiffs' residences," FAC ¶ 26, and that the Moving "Defendants' maintenance personnel set the water heaters in Plaintiffs' homes to temperatures well above 120°F," causing the alleged injuries, Opp'n at 5. The Minor Plaintiffs were treated for their injuries at the same medical facilities and by the same burn physician. Opp'n at 20. In conjunction, Plaintiffs' allegations demonstrate a high degree of "similarity in the factual background of [the] claim[s]." *Jacques*, 2012 WL 3010969, at *4 (internal quotations omitted).

///

The Court finds that the distinctions between Plaintiffs' individual cases pointed out by the Moving Defendants do not outweigh the overall relatedness of Plaintiffs' claims. For example, the Moving Defendants point to the "different injuries," "different water heaters," "different time periods," "different geographic locations," and "varying circumstances" of the three incidents. MPA at 6. While the location and severity of the injuries to the Minor Plaintiffs' injuries may differ slightly, *see* FAC ¶ 31–36, they are identical in alleged nature and cause. The water heaters may have been different models, but Plaintiffs' claims that the Moving Defendants' technicians negligently set the temperature too high are the same. The differences in time and place between the incidents are insignificant. The injuries occurred within a six-month period, Opp'n at 8–10, and all occurred within a radius of a few miles on property owned and/or managed by the Moving Defendants, *id.* at 2. Finally, the "varying circumstances" cited by the Moving Defendants do not detract from the commonalities between the claims; rather, they relate to the defenses that the Moving Defendants may raise. *See* MPA at 9. For example, whether the water heater in the Caraballo home had been tampered with, *id.*; whether the water temperature in the Merten home was lower than 120°F, *id.*; and whether the water heater was defective in the Bradley home, *id.*; are all points of dispute that may lead the Moving Defendants to raise different defenses. Nonetheless, these issues do not overcome the parallels between Plaintiffs' claims. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) ("The Court recognizes that each putative defendant may later present different . . . substantive legal defenses but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).").

The Moving Defendants support their argument with citations to products liability cases finding that there is no "same transaction or occurrence" where "there is no common product or practice," *see* MPA at 7 (citing *Allen v. Similasan Corp.*, No. 12CV0376-BTM-WMC, 2013 WL 2120825, at *2 (S.D. Cal. May 14, 2013); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *4 (E.D. Mo. Apr. 9, 2015)), or where the

same product is used but "there are too many plaintiffs or too many differences in the way that the product was used or in the nature of the injury," *see id*. at 7–8 (citing *Dunbar v. Medtronic, Inc.*, No. CV 14-01529-RGK AJWX, 2014 WL 3056081, at *3 (C.D. Cal. June 25, 2014); *Heather v. Medtronic Inc.*, No. 2:14-CV-01595-SVW-FF, 2014 WL 2736093, at *1 (C.D. Cal. June 9, 2014)). It is questionable whether these non-binding authorities are even analogous and therefore persuasive as to Plaintiffs' negligence and premises liability claims; assuming, however, that they are, the Court finds that Plaintiffs' claims would still meet the "same transaction or occurrence" test. First, Plaintiffs allege a common practice: namely, that the Moving Defendants' technicians were improperly trained, set the water heater temperatures too high, and did not install temperature limiting valves. Opp'n at 15. Second, there are not so many Plaintiffs that a "same transaction" finding is unjustified. There are six named Plaintiffs, each of whom belong to one of three families living within a few miles of each other on Camp Pendleton. Compl. at 2–3. In comparison, the cases to which the Moving Defendants cite involve dozens of plaintiffs residing in numerous states. *See Dunbar*, 2014 WL 3056081, at *3 (twenty-nine plaintiffs from eighteen states); *Heather*, 2014 WL 2736093, at *1 (thirty-one plaintiffs from twenty-two states). Third, there are not significant differences in the way the water heaters were used. In fact, Plaintiffs are claiming that it was the Moving Defendants' maintenance of the water heaters that caused the injuries, not Plaintiffs' own use of them. Opp'n at 6–7. And fourth, there are no differences in the nature of the injuries. Each Minor Plaintiff suffered severe scalding from hot water. *Id*. at 8–10.

Finally, the Court is satisfied that there are common questions of law or fact among the three cases. Whether there are common questions of law or fact is "not a particularly stringent test," as "[t]here need only be one common question of law or fact, and commonality in the context of joinder does not require the common question to be the predominant issue in the litigation." *Rosewolf v. Merck & Co.*, No. 22-CV-02072-JSW, 2022 WL 3214439, at *2 (N.D. Cal. Aug. 9, 2022) (citing *Walker v. Bryson,* No. 1:11-CV-01195-AWI, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012) (internal quotations

omitted)). Here, common questions of law and fact include whether the Moving Defendants adequately trained their technicians regarding the appropriate setting for water heaters; at what temperature water can burn an infant's skin; whether water hotter than 120°F constitutes a "dangerous condition" for a claim of premises liability; whether the Moving Defendants had a duty to install temperature-limiting devices on the water heaters; and whether the Moving Defendants knew or should have known that setting a water heater's temperature too high could cause severe burns, among others.

In sum, there is significant "factual commonality underlying the claims," *Bravado Int'l Grp. Merch. Servs.*, 2010 WL 2650432, at *4, and the claims raise several common questions of law and fact. The Court, therefore, finds that the requirements of Rule 20 are met, and that these factors weigh against severing the cases.

## B. Prudential Concerns

Even though the requirements of Rule 20 have been met, the Court must still determine whether joinder "comport[s] with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Specifically, the Court will consider the following prudential concerns: whether severance will avoid prejudice, whether severance will facilitate judicial economy or settlement of the claims, and whether different witnesses and documentary proof are required for the separate claims. *See Leslie*, 2010 U.S. Dist. LEXIS 76826, at *10.

### 1. Avoiding Prejudice

The "likelihood of prejudice to defendant and confusion of the jury . . . are proper considerations for the court" in deciding whether severance is warranted. *Ortiz v. Potter*, No. CV S-08-1326 LKK GGH, 2009 WL 10696492, at *5 (E.D. Cal. May 12, 2009). "Courts have offered some guidance as to when severance is appropriate due to the possibility of prejudice to the defendant or jury confusion." *Id.* at *5. In *Coleman v. Quaker Oats Co.*, the Ninth Circuit affirmed the district court's severance of ten plaintiffs' age discrimination claims arising under the laws of six different states. 232 F.3d 1271, 1296–97 (9th Cir. 2000). The district court found that Defendants "would be prejudiced

by having all ten plaintiffs testify in one trial" and "emphasized the danger of jury confusion." *Id*. at 1296. The district court noted:

> For each plaintiff, the jury would have had to examine individually his or her employment history as well as the explanations given by Quaker for not retaining him or her, explanations that would require the testimony of each employee's supervisors and raters. Legal confusion was also likely because the plaintiffs had worked for Quaker in six different states, and the jury would have had to evaluate their state law claims in light of the different laws of each state.

*Id*.; *see also Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2015 WL 435454, at *5 (N.D. Cal. Feb. 2, 2015) (finding severance proper, despite the requirements of Rule 20 being met, due to the likelihood of prejudice and jury confusion stemming from the claims of twenty-three Black employees alleging disparate treatment on the basis of race). In *Wanke v. Invasix, Inc.*, the district court severed the claims of three plaintiffs arising from alleged injuries caused by a medical device used in cosmetic surgery that the defendant promoted and distributed. No. 2:19-CV-02978-RGK-KS, 2019 WL 7997250, at *1 (C.D. Cal. Aug. 7, 2019). There, the court found that "the risk of confusing the jury [was] extremely high" because the plaintiffs' claims arose under at least three different states' laws. *Id*. at *1, *3; *see also Czuchaj v. Conair Corp.*, No. 313CV01901BENRBB, 2016 WL 4216686, at *2 (S.D. Cal. Aug. 10, 2016) ("Trying the claims together would require . . . the jury to apply four different fact patterns to jury instructions on five state[s'] laws. This would be cumbersome, inefficient, confusing to the jury, and potentially prejudicial to both parties.").

Taking this guidance into consideration, the Court finds that the risk of jury confusion and resulting prejudice to the Moving Defendants is lower here than in other cases where severance was deemed appropriate. *Ortiz*, 2009 WL 10696492, at *5. Unlike the claims at issue in *Coleman*, *Czuchaj*, and *Wanke*, Plaintiffs' state law claims arise only

under California law.[2] The jury will merely be required to apply three similar fact patterns to jury instructions on one state's law, as opposed to applying divergent fact patterns to multiple states' laws. Moreover, the claims at issue in *Coleman*, *Johnson*, and *Wanke* were "more factually complicated" than Plaintiffs' claims. *Ortiz*, 2009 WL 10696492, at *6. *Coleman* and *Johnson* involved employment discrimination cases that required testimony relating to each plaintiff's employment history and the defendants' explanations as to why each plaintiff was not retained or promoted. *Johnson*, 2015 WL 435454, at *5; *Coleman*, 232 F.3d at 1296. *Wanke* involved "radio frequency-based cosmetic surgery" on plaintiffs with "diverse" medical histories who "underwent different procedures . . . by different professionals" and received a variety of different treatments after the procedures. *Wanke*, 2019 WL 7997250, at *1, *3. Here, on the other hand, Plaintiffs raise relatively straightforward negligence and premises liability claims. Compl. ¶¶ 41–76. They allege that the Moving Defendants' technicians set the temperature on their water heaters too high, resulting in the claimed injuries. Opp'n at 5–7. The jury here will not have to navigate individualized evidence regarding lengthy employment histories or high-tech medical procedures to determine the merits of the claims like in *Coleman*, *Johnson*, and *Wanke*.

The Moving Defendants analogize to *Rubio v. Monsanto Co.* in arguing that trying the cases together will prejudice the Moving Defendants. MPA at 11; 181 F. Supp. 3d 746 (C.D. Cal. 2016). There, one of the reasons the district court severed the claims related to complicated causation issues. *Rubio*, 181 F. Supp. 3d at 758. Specifically, the plaintiffs

---

[2] Camp Pendleton is a federal enclave. "Claims due to acts that took place on a federal enclave are under exclusive federal law jurisdiction." *Rosseter v. Indus. Light & Magic*, No. C 08-4545 WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009). "However, in order to ensure that no such area is left without a developed legal system for private rights, preexisting state law not inconsistent with federal policy becomes federal law and remains in existence until altered by national legislation." *Snow v. Bechtel Constr. Inc.*, 647 F. Supp. 1514, 1521 (C.D. Cal. 1986) (citing *Pac. Coast Dairy v. Dep't of Agric. of Cal.*, 318 U.S. 285, 294 (1943)). In *Durham v. Lockheed Martin Corp.*, the Ninth Circuit held that "[f]ederal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'" 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1331; *Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam)). Thus, California law will govern the claims in this case.

had to prove both that the pesticide Roundup could cause cancer and that it caused their individual instances of cancer. *Id*. The latter of these two tasks was made more challenging by substantial differences in the plaintiffs' exposure to and use of Roundup; exposure to other cancer-causing products; and medical histories, among other issues. *Id*. The court was thus concerned that "[c]onsolidating the two claims may give rise to the easy, potentially prejudicial inference that if Roundup caused [one plaintiff's] cancer it caused [the other's] as well." *Id*. Here, on the other hand, the causation issues are decidedly less complicated due to the alleged nature of the injuries (hot water burns, as opposed to cancer) and the factual similarities between the claims, *see supra* at 7–8. As such, the risk of the jury making an "easy" inference to bypass thorny factual questions is significantly reduced.

Moreover, "[t]he Court is satisfied that proper jury instructions . . . can minimize any confusion" that might result in prejudice to the Moving Defendants. *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg.*, No. 10-CV-419-GPC WVG, 2013 WL 2631333, at *6 (S.D. Cal. June 11, 2013); *see also United States v. Mayfield*, 189 F.3d 895, 906 (9th Cir. 1999) ("[O]ur severance cases generally have framed the inquiry as whether there was prejudice and whether that prejudice was in turn cured by appropriate jury instructions."). "[E]ven if there [is] some risk of prejudice, here it is of the type that can be cured with proper instructions, and 'juries are presumed to follow their instructions.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Juries are often instructed to "give separate consideration to each claim and each party in each case" and that "it does not follow that if one [plaintiff] is successful as to a particular claim, the others should prevail on that claim, too." *See, e.g.*, *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2017 WL 3841608, at *3 (N.D. Tex. June 28, 2017) (involving six separate cases with ten plaintiffs). The Moving Defendants do not adequately explain why similar instructions would not work here.

The Moving Defendants' concern that "evidence of three babies' burns together . . . will no doubt inflame and empassion [sic] the jury against [the Moving] Defendants," Reply at 9, does not warrant severance. While the Court recognizes the sensitive nature of

the injuries, the Moving Defendants cite to no authority holding that emotionally charged evidence is grounds for severance. *See generally id.* In fact, the similar nature of the evidence weighs in favor of keeping the claims joined. Additionally, the Moving Defendants acknowledge that "[t]he photographs and evidence of just one of the Plaintiffs' young children's injuries would be impactful." *Id*. In other words, the potential prejudice raised by such evidence would not be alleviated by severing the claims. Therefore, severance is not the appropriate mechanism for handling this concern.

In sum, the risk of jury confusion in this case is low because only one state's law will apply, the factual background to the claims is not unduly complicated, and proper jury instructions will minimize, if not cure, any prejudice to the Moving Defendants. The Court, therefore, finds that this factor of the analysis does not weigh in favor of severance.

### 2. Judicial Economy & Likelihood of Settlement

The Court further finds that judicial economy would not be facilitated by severance. Where severance has been found to facilitate judicial economy, it is often due to factual discrepancies that render a consolidated trial impractical. *See, e.g.*, *Hernandez v. City of San Jose*, No. 16-CV-03957-LHK, 2017 WL 2081236, at *9–10 (N.D. Cal. May 15, 2017) (finding a consolidated trial to be "impossible" where there was "little factual overlap" between "43 claims by 20 individual plaintiffs against 17 named defendants and 55 Doe defendants"); *Rubio*, 181 F. Supp. 3d at 758 (concluding the differences between the claims "outweigh[ed] any efficiencies in trying the claims together"). Here, Plaintiffs' claims share a high degree of similarity and numerous common questions of law and fact. *See supra* at 7–10. Keeping the claims together will streamline the proceedings, reduce litigation costs for all Parties, and eliminate the need for duplicative discovery and motions. Three separate cases, on the other hand, "will not result in judicial economy–it will produce the opposite and result in inefficiency . . . and will produce a significant amount of extra work." *Schertzer v. Bank of Am., N.A.*, No. 19CV264 JM(MSB), 2021 WL 1383164, at *3 (S.D. Cal. Apr. 13, 2021).

/ / /

Neither Plaintiffs nor the Moving Defendants address whether severance will facilitate settlement of the claims. The Court, therefore, declines to address this consideration.

### 3. *Evidentiary Overlap*

Finally, the Court is satisfied that there will be sufficient overlap in witnesses and documentary evidence to justify a consolidated trial. The overlap will not be perfect. The incidents involved different families, governed by different lease agreements who used different water heaters. *See supra* at 8; MPA at 6; Mot. at Exs. 1, 7 & 13. But the evidentiary parallels likely outweigh, and at the least match, any differences, according to the information now before the Court. The Moving Defendants' ownership and management of the properties, their technicians' training, whether a temperature limiting device should have been installed, and the potential of hot water to scald an infant's skin are all issues that presumably can be testified to and documented by the same witnesses and evidence. Moreover, Plaintiffs indicate that each of the three Minor Plaintiffs underwent essentially identical treatments for their injuries, raising a strong probability of evidentiary overlap regarding the severity and lasting effects of the Minor Plaintiffs' injuries. *See* Opp'n at 20.

### C. **Balancing of Factors**

In sum, the Court determines that severance of the claims is not warranted at this time. The claims arise from the same transaction or occurrence and share common questions of law and fact. The likelihood of jury confusion and resulting prejudice to the Moving Defendants is low and can be further reduced through jury instructions. Finally, severance would not facilitate judicial economy due to the similarities between the claims, and there is a strong likelihood of evidentiary overlap. Because none of the factors favor severance, denial of the Moving Defendants' Motion is warranted.

/ / /

/ / /

/ / /

# CONCLUSION

In light of the foregoing, the Court **DENIES** the Moving Defendants' Motion to Sever (ECF No. 43).

**IT IS SO ORDERED.**

Dated: September 13, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge