1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

E.C., a minor, by and through her mother, Gretta Caraballo; V.B., a minor, by and through her father, Jeffrey Logan Bradley; Z.M., a minor, by and through his mother, Abigail Merten; GRETTA CARABALLO; REBECCA PATTERSON; and JOHNATHON MERTEN,

                          Plaintiffs,

v.

LINCOLN MILITARY PROPERTY MANAGEMENT LP; et al.,

                          Defendants.

Case No.: 21-cv-2070-JES-BLM

**ORDER GRANTING UNOPPOSED *EX PARTE* MOTION TO CONFIRM PLAINTIFF Z.M.'S MINOR'S COMPROMISE**

**[DKT. NO. 73]**

Before the Court is Plaintiffs' Unopposed Ex Parte Motion to Confirm Plaintiff Z.M.'s Minor's Compromise. Dkt. No. 73.[1] Defendants do not oppose the Motion. For the reasons stated below, the Court **GRANTS** the Motion.

## I.      BACKGROUND AND NATURE OF THE CLAIM

Plaintiffs filed a complaint alleging claims for personal injury against Defendants Lincoln Military Property Management, LP, LMH Holdings, LLC, Camp Pendleton & Quantico Housing, LLC, and LPC Pendleton Quantico PM LP (collectively, "Defendants"). Dkt. No. 8. The Complaint alleges that Plaintiff Johnathon Merten ("Merten") turned on the faucet of the bathroom sink to give his 21-month-old son, Z.M., a bath. Merten felt the water before putting Z.M. into the sink; it was lukewarm to the

---

[1] This case was assigned to U.S. Magistrate Judge Daniel E. Butcher for review of the Minor's Compromise, and the parties subsequently consented to the undersigned's jurisdiction for purposes of reviewing the Minor's Compromise. Dkt. Nos. 76–79.

touch, not hot. *Id.* at 8. Merten placed Z.M. into the sink. *Id.* Z.M. was enjoying the bath and playing with the water when he turned the hot water handle. *Id.* Within seconds, the water became scalding hot. Z.M. screamed in pain. *Id.* Merten immediately pulled Z.M. from the scalding water. *Id.* Z.M. continued to scream and cry in pain; the scalding water had burned his right leg, knee, thigh, and genitals. *Id.*

Tricare covered Z.M.'s medical care, and the medical lien is $856.53. Dkt. No. 73-1 (Ritterbeck Decl. ¶ 7); Dkt. No. 73-5 (A. Merten Decl. ¶ 6). Z.M.'s medical care is not ongoing. Dkt. No. 73-5 (A. Merten Decl ¶ 6).

The Amended Complaint asserts the property at issue is owned by Defendants Camp Pendleton & Quantico Housing, LLC and LMH Holdings, LLC and managed by LPC Pendleton Quantico PM, LP and Lincoln Military Property Management LP. Dkt. No. 8.

After extensive litigation, Plaintiffs Johnathon Merten and Z.M. settled their claims with Defendants for $150,000.00, apportioning $83,000 to Z.M. and the balance to Merten. Dkt No. 73 and 73-1 (Ritterbeck Decl. ¶ 4). Plaintiffs now move for approval of Z.M.'s settlement. Dkt. No. 73.

## II.    LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.2d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even

if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*.").

This Court's Civil Local Rule 17.1 states, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." CivLR 17.1(a). In addition, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq*." CivLR 17.1(b)(1).

Under California law, the Court must "evaluate the reasonableness of the settlement and determine whether the compromise is in the best interests of the minor." *A.M.L., et al. v. Cernaianu, M.D., et al.*, LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014). The court is afforded "broad power . . . to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Super. Ct.*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994); *see also Peason v. Super. Ct.*, 136 Cal. Rptr. 3d 455, 459 (Cal. Ct. App. 2012) (explaining that the purpose of requiring court approval of a minor's settlement is to "allow[ ] the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest by requiring court approval before the settlement can have a binding effect on the minor").

District courts "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in

1  similar cases, the district court should approve the settlement as proposed by the parties."

2  *Id.*

3  ### III.  DISCUSSION

4  Plaintiffs and Defendants settled their claims for $150,000.00, apportioned as

5  follows: $67,000 to Merten and $83,000 to Z.M. Dkt. No. 73-1 (Ritterbeck Decl. ¶ 4);

6  Dkt. No. 73-5 (A. Merten Decl. ¶ 4). Regarding the $83,000 to Z.M., the Court finds the

7  amount fair, reasonable, and in the minor's best interests considering the facts and

8  circumstances of this action. The Court also finds the net disbursement to Z.M. after

9  deductions for a medical lien, litigation costs, and attorney's fees is reasonable.

10  **A.  Proposed Settlement Amount**

11  The Court has reviewed the confidential Settlement Agreement. Under the

12  Settlement Agreement, Z.M. will net $20,770.30 ($83,000.00 less $856.53 for the medical

13  lien, $36,473.17 in litigation costs, and $24,900 in legal fees). The $20,770.30 net

14  proceeds will fund an annuity providing payments to Z.M. as follows:

15  $5,000.00 guaranteed lump sum at Age 18 on 08/01/2037.

16  $10,000.00 guaranteed lump sum at Age 21 on 08/01/2040.

17  $30,742.18 guaranteed lump sum at Age 24 on 08/01/2043.

18  Dkt. No. 73-2. The total payout from the annuity Z.M. is $45,742.18. Dkt. No. 73-1

19  (Ritterbeck Decl. ¶ 7); Dkt. No. 73-5 (A. Merten Decl. ¶ 6).

20  Costs deducted from the settlement proceeds consist of filing fees, expert costs

21  (including four liability experts and three damages experts), seventeen depositions,

22  investigator costs, service costs, medical records, postage, and mediation. Shared costs

23  are split evenly between the three families involved in this lawsuit (Bradley, Merten, and

24  Caraballo). The total costs for the Mertens' claims, including the individual costs and the

25  portion of the shared costs attributed to them are $64,427.19. Dkt. No. 73-1 (Ritterbeck

26  Decl. ¶ 6); Dkt. No. 73-5 (A. Merten Decl. ¶ 7). This amount is apportioned between Z.M.

27  ($36,473.17) and Merten ($27,954.02) proportionate to their recovery. *Id.* The Court finds

28  this is a fair and reasonable apportionment.

The parties submitted an itemized breakdown of the Mertens' costs, which the Court has reviewed. Dkt. No. 73-4. Although the costs are high in relation to the overall settlement amount, the Court finds these costs are reasonable given the difficulty, complexity, and length of the litigation.

In sum, the Court finds the total amount of the settlement and the costs apportioned to Z.M. are fair and equitable under the circumstances.

**B.    Attorney's Fees**

The Court next evaluates the reasonableness of the $24,900 in attorney's fees deducted from the proceeds to Z.M. In California, courts must approve attorney fees for representing a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955; *see also A.G.A. v. Cty. of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *1 (C.D. Cal. Apr. 26, 2019) (the district court must "consider whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable") (internal quotations omitted).

"When approving the amount of attorney's fees paid as part of a minor's compromise, California Rule of Court 7.955 is instructive on factors that may be considered 'in determining whether an attorney's proposed fee is reasonable.'" *L.C.C. by & through Calihan v. United States*, No. 20-cv-1489-KSC, 2022 WL 16579320, at *4 (S.D. Cal. Nov. 1, 2022). The Court considers, for example, the time and labor required, whether the minor's representative consented to the fee, the amount of money involved, the result obtained, and whether the fee is fixed, hourly, or contingent. California Rule of Court 7.955(b); *see V.C. by & through Anaya v. Hunterwood Techs. USA, Ltd.*, No. 21-cv-888-AJB-LR, 2023 WL 2914284, at *5 (S.D. Cal. Apr. 11, 2023), report and recommendation adopted, No. 21-cv-0888-AJB-LR, 2023 WL 4047589 (S.D. Cal. Apr. 17, 2023) (consulting Rule 7.955(b) and approving 33.33% contingency fee where attorneys spent hundreds of hours collaborating with experts, conducting investigations, and working with structured settlement professionals to determine the best approach to disburse the settlement proceeds).

"[F]ees in minors' cases have historically been limited to twenty-five percent (25%) of the gross recovery." *See, e.g.*, *DeRuyver v. Omni La Costa Resort & Spa, LLC*, No. 17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); *Napier v. San Diego City*, No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *9 (S.D. Cal. Nov. 28, 2017); *Mitchell v. Riverstone Residential Grp.*, No. Civ. S-11-2202 LKK/CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013). "[M]ost courts require a showing of good cause to award more than 25% of any recovery" and such an award is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, CIV. S-07-0014 LKK, 2008 WL 552432, at *1-*2 (E.D. Cal. Feb. 27, 2008) (internal quotations omitted).

Z.M.'s fee agreement provides for a 35% contingency fee.  Dkt. No. 73-1 (Ritterbeck Decl. ¶ 5); Dkt. No. 73-5 (A. Merten Decl. ¶ 7).As part of the Settlement Agreement, however, counsel agreed to reduce the fee to 30% of the gross recovery. *Id.* The Court finds a 30% contingency fee is appropriate under the circumstances.

Plaintiff's counsel submitted a declaration explaining the case involved extensive written discovery and three attorneys completed seventeen depositions. Dkt. No. 73-1 ¶ 5. Counsel successfully opposed several motions to dismiss and a motion to sever. *Id.* Counsel attended two settlement conferences and two mediations. *Id.* Counsel also engaged four liability experts and three damages experts, attended inspections with some of those experts, and obtained expert reports before finally reaching a settlement one month before the final Pretrial Conference. Dkt. No. 73-5 ¶ 7.

The Court agrees that counsel expended significant time and resources to obtain a favorable result for Plaintiff Z.M. The Court also notes that Z.M.'s guardian, Abigail Merten, consents to the fee. Dkt. No. 73-5 (A. Merten Decl. ¶ 8-9).   The Court, therefore, finds a 30% contingency fee is appropriate here. *See Alter by & through Alter v. Cnty. of San Diego*, No. 21-cv-1709-BLM, 2023 WL 4166096, at *5 (S.D. Cal. June 22, 2023) (relying on *Robidoux* to find attorney's fees for 33.33% of settlement to incompetent adult reasonable given attorney's experience, the length of the litigation, the difficult and

complex legal and factual issues raised, and counsel's significant success); *Garcia v. Cnty. of San Diego*, No. 15-cv-189-JLS-NLS, 2022 WL 2973429, at *3 (S.D. Cal. July 27, 2022) (approving minor's compromise with attorney's fees of 50% of settlement pursuant to fee agreement finding that counsel were experienced attorneys and excessive litigation was involved).

## IV.   CONCLUSION

For the reasons discussed above, the Court **APPROVES** the settlement agreement and **GRANTS** Plaintiffs' Motion to confirm Plaintiff Z.M.'s minor's compromise. Dkt. No. 73.

Under the Settlement Agreement, Plaintiff Z.M. will receive $83,000.00 as the total settlement amount, minus $856.53 in medical fees to Tricare and $36,473.17 in legal costs. The Court also approves attorney's fees at 30% of Plaintiff Z.M.'s recovery ($24,900.00). The settlement proceeds will be distributed as follows:

| | |
|---|---|
| Gross amount of settlement | $83,000.00 |
| Medical Lien to be paid from settlement | ($856.53) |
| Attorney's Fees to be paid from settlement | ($24,900.00) |
| Legal expenses to be paid from settlement | ($36,473.17) |
| Net Balance of Proceeds for annuity | $20,770.30. |

The $20,770.30 net proceeds to Z.M. are to be used to purchase an annuity from MetLife Assignment Company, Inc., which will provide for the following periodic payments to be made by Metropolitan Tower Life Insurance Company, rated A+ XV by A.M. Best:

TO PAYEE: Z.M.

$5,000.00 payable guaranteed lump sum at Age 18 on 08/01/2037.

$10,000.00 payable guaranteed lump sum at Age 21 on 08/01/2040.

$30,742.18 payable guaranteed lump sum at Age 24 on 08/01/2043.

*See* Dkt. No. 73-2. These annuity payments to Z.M. total $45,742.18.

The parties shall implement the settlement in accordance with the terms of the

Settlement Agreement. In addition, the parties shall file a Joint Motion to Dismiss this action within 30 days after the date of this Order.

**IT IS SO ORDERED.**

Dated:  July 21, 2023

Daniel E. Butcher
United States Magistrate Judge